UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**ERIC JOSEPH BURAS**                              **CIVIL ACTION**

**VERSUS**                                         **NO. 07-1505**

**RODNEY J. STRAIN, JR., ET AL**                   **SECTION "B"(5)**


                    **REPORT AND RECOMMENDATION**

Plaintiff, Eric Joseph Buras, currently incarcerated in the St. Tammany Parish Jail, has filed this pro se and in forma pauperis civil rights complaint with regard to two shakedowns of his cell.  In his initial complaint (Rec. doc. 1), plaintiff named as defendants Sheriff Rodney J. Strain, Jr., Warden Marlin Peachey, Captain David Hanson and Deputies Sheryl Ziegler, Denny Moore and Deloria, the latter five individuals being personnel assigned to the St. Tammany Parish jail.

The first shakedown of which plaintiff complains occurred on August 22, 2006. Plaintiff seeks to recover damages based upon his claim that during this shakedown, legal work/mail was taken from his cell and destroyed.  Plaintiff acknowledged, during an August 27, 2007 preliminary conference, that he did not know the names of

the individuals who actually entered his cell during the shakedown and took his legal materials. (See rec. doc. 21, pp. 1-2). He merely identified these officers as Louisiana Department of Corrections personnel. (Id.).

Plaintiff explained that he named as defendants St. Tammany Parish Sheriff Rodney J. Strain, Jr., St. Tammany Parish Jail Warden Marlin Peachey, and Captain David Hanson, not because they had any involvement in the pertinent shakedown, admitting that they were not even on the tier at the time the shakedown took place. But rather, based upon a theory of respondeat superior, plaintiff sued them because they are responsible for the actions of the personnel under their command. (See rec. doc. 21, pp. 2-3). Plaintiff's remaining three defendants, Deputy Sheryl Ziegler, Deputy Denny Moore, and Deputy Deloria, were on the tier when the shakedown occurred, but did not enter plaintiff's cell and take his legal materials. Instead, Deputy Deloria merely opened and closed the tier doors and Deputies Ziegler and Moore documented when and where contraband was found in connection with the shakedown. (See rec. doc. 21, p. 3).

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against

a defendant who is immune from such relief.  See 28 U.S.C. §1915(e)(2).  The court has broad discretion in determining the frivolous nature of the complaint.  See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

As noted above, plaintiff admits that three of the named defendants, Sheriff Strain, Warden Peachey and Captain Hanson, had no involvement in the pertinent shakedown, naming them as defendants based upon the theory that they are responsible for the actions of the individuals under their authority.  However, it is well-established that the legal concept of respondeat superior is inapplicable to §1983 litigation for purposes of holding supervisory officials, such as Sheriff Strain, Warden Peachey, and

Captain Hanson, responsible for the actions of subordinates. Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659, 86 L.Ed.2d 276 (1985). Additionally, since plaintiff has alleged that Louisiana Department of Corrections personnel, rather than Sheriff's office personnel conducted the August 22, 2006 search and item seizure, it does not appear that these people are , in fact, subordinates of the Sheriff or his command staff, making it even more remote that these named defendants should have responsibility for the actions of these unidentified officers.

Similarly, the remaining defendants did not perform the shakedown which resulted in the loss of plaintiff's legal materials. While defendants Ziegler, Moore and Deloria were on the tier during the pertinent time periods, they did not enter plaintiff's cell or remove his legal work/mail. So there is no causal relationship between plaintiff's loss at the hands of Louisiana Department of Corrections personnel and the actions of these named defendants who are employed by the Sheriff's office. Douthit v. Jones, 641 F.2d 345 (5th Cir. 1981). As such, plaintiff has clearly failed to name the proper defendants and, for this reason, the instant matter is subject to dismissal as to the search

of August 22, 2006.[1]

The second incident which forms the basis of plaintiff's complaint is an alleged shakedown which occurred on June 26, 2007. At this time, plaintiff alleges that his legal work/mail was again taken from his cell and destroyed.[2] However, plaintiff has not indicated whom he wishes to name as defendants in connection with this incident. Paperwork in the record reflects that plaintiff has the names of various people who might have been involved with the occurrence. However, the individuals named as defendants in his

---

[1] Plaintiff has failed to amend his §1983 action to name the proper defendants as to the August 22, 2006 shakedown. At this point, however, with respect to the August, 2006 shakedown, a motion to amend would be futile since any civil rights claim arising from said shakedown is time barred. See United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) ("The Supreme Court in Wilson v. Garcia [ ] concluded, as a matter of statutory construction, that the most appropriate limitations period for all suits brought under 42 U.S.C. §1983 was the general period that would be applicable to a personal injury suit in the particular state where the section 1983 case had been brought." (citations omitted)). For personal injury claims, Louisiana law provides for a one year prescriptive period from the date of the injury or damage. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988). Further, since plaintiff's failure to name the proper defendants was due to a lack of knowledge with respect to their identities rather than due to a mistake, as contemplated under Federal Rule of Civil Procedure 15(c), any motion to amend which plaintiff may file at this point would not relate back to the date plaintiff filed his original complaint. See Jacobsen v. Osborne, 133 F.3d 315, 321-322 (5th Cir. 1998).

[2] The Court allowed plaintiff to supplement and amend his complaint to include allegations with regard to the June 26, 2007 incident. (Rec. doc. 27).

initial complaint (Rec. doc. 1) do not appear to have any greater culpability in connection with this June, 2007 incident than they had with regard to the August, 2006 incident.

Therefore, this matter should be dismissed in its entirety unless plaintiff can, on or before March 21, 2008, identify for the Court the individuals whom he considers to be defendants in connection with the June, 2007 incident. Once those people are identified, defendants will need to be served and will have all defenses available to them to defend this claim, as a new answer will be required, since these defendants will be newly introduced to this litigation.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's §1983 action be **DISMISSED WITH PREJUDICE**, as to all defendants, pertaining to the incident of August 22, 2006.

It is further **RECOMMENDED** that plaintiff be given until March 21, 2008 to identify with specificity the individuals whom he considers to be defendants in connection with the June 26, 2007 incident, absent which this matter should be dismissed in its entirety, with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (<u>en</u> <u>banc</u>).

    New Orleans, Louisiana, this  28th  day of   February  , 2008.

                                        ALMA L. CHASEZ
                               UNITED STATES MAGISTRATE JUDGE