```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **ERIC JOSEPH BURAS** | **CIVIL ACTION** |
| **VERSUS** | **07-1505** |
| **RODNEY J. STRAIN, JR., ET AL** | **SECTION B(5)** |

### OPINION

Before the Court is Plaintiff's Motion for Reconsideration of Magistrate Judge's Report and Recommendation. (Rec. Doc. No. 32). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the instant § 1983 claims are hereby **DISMISSED**.

### *BACKGROUND*

On April 16, 2007, Plaintiff Eric Joseph Buras, a pretrial detainee at St. Tammany Parish Jail, filed a pro se pauper § 1983 claim against Sheriff Rodney J. Strain ("Strain"), Former Warden Marlin Peachey ("Peachey"), Captain David Hanson ("Hanson"), and St. Tammany Parish Jail Deputies Sheryl Zeigler ("Zeigler"), Denny Moore ("Moore"), and Deloria.[1] This action is *pro se* and *in forma*

---

[1] Rec. Doc. 1 at. 4, 4c (plaintiff's complaint states that Deloria opened the cells and tier door to allow officers in; Ziegler and Moore's job was to supervise the D.O.C. officers in order to insure that the search was properly performed; Strain oversaw all jail operations; and Peachey and Hanson's job was to supervise the deputies and D.O.C. officers).

*pauperis*.[2] Plaintiff alleges that on August 22, 2006, two unnamed Louisiana Department of Corrections ("D.O.C.") officers illegally seized important legal documents during a "shakedown"[3] This important legal information pertained to Plaintiff's pending trial.[4] Plaintiff provides documentation indicating that he complained of such misconduct, to no avail, through the Administrative Remedy Procedure, the jail's complaint/grievance system.[5] Accordingly, Plaintiff sought recourse through the judicial system.

During the pendency of this action, Plaintiff alleged that another unlawful seizure of legal documents occurred on June 26, 2007. Plaintiff states that two notebooks pertaining to his second degree murder charge were taken from his cell.[6] The Magistrate Judge's *Report and Recommendation* noted that Plaintiff had not named any defendants to the second action, and thus the Magistrate Judge gave Plaintiff until March 21, 2008, to submit those names.[7] Accordingly, Plaintiff submitted a list of defendants to the second

---

[2] Rec. Doc. 30 at 1.

[3] Rec. Doc. 1 at 4.

[4] Id. at 4a.

[5] Id..

[6] Rec. Doc. 19 at 3.

[7] Rec. Doc. 30 at 6.

incident on March 12, 2008.[8]  Those defendants are Strain, Warden Michael Cor, and Corporal Smith, in their official capacities,[9] as well as Deputy C. Sharp and Deputy R. Edwards in both their official and individual capacities.[10]

In response to the Magistrate's *Report and Recommendation*, Plaintiff admits that Ziegler, Moore, and Deloria should be excused from this action because they were improperly named as defendants, but argues that:

> **(1)** Strain, Peachey, and Hanson should be liable under 42 U.S.C. § 1983 because **(a)** they were "grossly negligent" in their management of subordinates – the Louisiana D.O.C. officers were acting under the control of the Sheriff's office because plaintiff was a pretrial detainee under Parish jurisdiction; **(b)** the *Report and Recommendation* erred in its finding that Hanson was not in the area of the shakedown, and thus he was in a position to supervise but failed to do so; and **(c)** these officers failed to enact policies to prevent subsequent Constitutional violations, resulting in the June 26, 2007 incident.
>
> **(2)** The Court should have informed Plaintiff, during the Preliminary Conference, that it is "well established" that respondeat superior is inapplicable to 1983 litigation; this would have enabled Plaintiff to timely amend the complaint.
>
> **(3)** Defendants to the second incident should be found liable because **(a)** Strain knew of constitutional wrongdoings yet failed to remedy or set up guidelines to avoid subsequent violations; **(b)** Core, for the same reasons as Strain; **(c)** Smith was present but failed to supervise staff to ensure they followed the policies;

---

[8] Rec. Doc. 33.

[9] Id. at 3.

[10] Id.

and **(d)** Sharp and Edwards were personally involved in the shakedown.

### *DISCUSSION*

An *in forma pauperis* complaint may be dismissed if "the court determines that (A) the allegation of poverty is untrue; or (B)the action or appeal is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  In determining the frivolous nature of a complaint, the court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

The Magistrate Judge correctly found that Plaintiff named Strain, Peachey, and Hanson on the basis of respondeat superior. It is well-established that respondeat superior is not applicable to § 1983 claims, and thus these supervisory officials should not be held responsible. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985). Further, Plaintiff claims that Louisiana D.O.C. personnel, rather than Sheriff's office personnel, performed the shakedown.  There is no basis to suggest that the D.O.C. officers were subordinates of

4

the Sheriff or his command staff during the shakedown cell search. Additionally, Defendants Ziegler, Moore, and Deloria did not engage in the shakedown; they were merely on the tier during that time period. As such, "there is no causal relationship between Plaintiff's loss at the hands of Louisiana D.O.C. personnel and the actions of these named defendants who are employed by the Sheriff's office."[11] Accordingly, the complaint regarding the August 22, 2006 shakedown should be dismissed because the proper defendants were not named.[12]

In regard to the June 26, 2007 shakedown, the Magistrate Judge notes that Plaintiff has not indicated who he intends to name as defendants.[13] The individuals who were improperly named as defendants in regard to the first shakedown do not appear to have any more culpability in regard to the second incident.

**A.   August 22, 2006 Shakedown and Seizure:**

Under 42 U.S.C. § 1983, a sheriff who is not personally

---

[11] Id.

[12] See also United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998) (discussing Wilson v. Garcia, 471 U.S. 261 (1985), in which the Supreme Court concluded that the statute of limitations for a § 1983 claim should be the same as the statute of limitations for personal injury suits in the state in which the § 1983 claim is brought). The statute of limitations for personal injury claims in Louisiana is one year. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988). Accordingly, the § 1983 claim for the August 22, 2006 claim is time barred because Plaintiff failed to name the proper defendants.

[13] The Court allowed Plaintiff to amend his complaint to include the June 26, 2007 incident, which occurred after the initial complaint was filed.

involved in the deprivation of the plaintiff's constitutional rights is liable if: "1) the sheriff failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001) (*citing Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)).[14] The deliberate indifference standard "requires proof that the supervisor 'disregarded a known or obvious consequence of his action.'" *Evett v. Detntff*, 330 F.3d 681, 689 (5th Cir. 2003) (*quoting Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997)). To establish deliberate indifference, it is "generally require[d] that a plaintiff demonstrate at least a pattern of similar violations." *Johnson v. Deep East Texas Reg'l Narcotics*, 379 F.3d 293, 309 (5th Cir. 2004); *see also Thompson*, 245 F.3d at 459 (*citing Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998)) (stating, "Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate

---

[14] The theory of respondeat superior cannot be used to hold supervisors liable under § 1983 for the actions of their subordinates. *James v. Harris County*, 508 F. Supp. 2d 535, 551 (S.D. Tex. 2007) (*citing Estate of Davis ex rel McCully v. City of North Richland Hills*, 406 F.3d 375, 385 (5th Cir. 2005)).

indifference").

Because Strain, Peachey, and Hanson, who are part of the Sheriff's office, did not have direct involvement in the shakedown, they can only be held liable under § 1983 if their actions meet the requirements of the *Thompson* test. *See* 245 F.3d at 459. The record is devoid of any evidence that Defendants Strain, Peachy, and Hanson trained or supervised the Louisiana D.O.C. officers.[15] Moreover, there is no evidence that Defendants had any authority, factually or legally, over the D.O.C. officers at pertinent times here.

No causal connection exists between (a) the failure of Defendants to train and supervise the Louisiana D.O.C. personnel and (b) the violation of Plaintiff's constitutional rights. Louisiana D.O.C. officers who violate a pretrial detainee's constitutional rights are themselves amenable to suit. *See Dillon v. Rogers*, No. 06-CV-1258, 2006 WL 3792603, at *6 (W.D. La. Nov. 20, 2006) (pretrial detainee stated a § 1983 claim against Louisiana D.O.C. officers). As such, the D.O.C officers who may have some arguable culpability were not under the direction of the named defendants; thus Defendants' failure to supervise or train the perpetrators cannot be said to have *caused* the violation of Plaintiff's rights.

There is no need to look to the third prong of the *Thompson*

---

[15] See Record (generally).

test because all three requirements need to be met in order for a supervisor - with no direct involvement - to be found liable under § 1983. *See* 245 F.3d at 459. Accordingly, the claims arising from the first incident against Sheriff staffers Strain, Peachey, and Hanson are dismissed. *See Reeves*, 27 F.3d at 176.[16]

Plaintiff provides no case law to support his assertion that the Court should have informed him, during the Preliminary Conference, that respondeat superior is not applicable to § 1983 litigation.[17] Plaintiff argues that if he had been notified of this mistake, he would have had time to amend the complaint by naming the proper defendants. As such, it appears that Plaintiff seeks equitable tolling of the statute of limitations in regard to the first incident.

The Court has no duty to give advisory opinions to any party. Even pro se parties are held to the same standard as represented parties in properly researching and complying with procedural and substantive law. <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir.

---

[16]Additionally, it is pointless for Defendant to amend his complaint in order to name the proper defendants because the § 1983 claim for the August 22, 2006 incident is time barred. The statute of limitations for a § 1983 claim should be the same as the statute of limitations for personal injury suits in the state in which the § 1983 claim is brought. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). <u>See also United States v. Flores</u>, 135 F.3d 1000, 1005 (5th Cir. 1998). The statute of limitations for personal injury claims in Louisiana is one year. <u>See Freeze v. Griffith</u>, 849 F.2d 172, 175 (5th Cir. 1988).

[17] During the Preliminary Conference, Plaintiff stated that he named defendants Strain and Peachey under a theory of respondeat superior.

1981). Moreover, even if the Court did have such a duty, Plaintiff's claim regarding the first incident would still be barred by the statute of limitations because the one year period had already run before the Court could have instructed Plaintiff to amend his complaint. *See Flores,* 135 F.3d at 1005 (§ 1983 statute of limitations same as statute of limitations for personal injury in the state); *Freeze*, 849 F.2d at 175 (statute of limitations for personal injury in Louisiana is one year).[18] As such, Plaintiff was not misled during the time that the statute of limitations was running, and thus his failure to properly file the complaint during the one year period was not based upon being actively misled. *Contrast Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (stating that equitable tolling is generally only available where the petitioner has been "actively misled" or was "prevented in some extraordinary way from asserting his rights"). "[A] petitioner's ignorance or mistake is insufficient to justify equitable tolling." *Cousing v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

**B.    June 26, 2007 Shakedown and Seizure:**

Plaintiff names five defendants to the June 26, 2007 incident. Unlike in the first incident, the alleged shakedown was committed by employees of the St. Tammany Parish Jail, rather than Louisiana

---

[18] The first incident occurred on August 22, 2006, but the preliminary conference was not held until August 27, 2007; thus more than a year had already passed before the Court could have informed the plaintiff to amend his pleadings.

D.O.C. officers.[19] Three of the defendants, Strain, Core, and Smith, are named in their official capacity under the concept of supervisor liability, while the other two, Sharp and Edwards, are named in both their official and individual capacities because they are alleged to have been personally involved in the second shakedown.[20] This incident allegedly resulted in the seizure or destruction of two notebooks that Plaintiff contends "are full of notes and strategies on [his] case, research and reviews of Supreme Court cases . . . and could have a direct impact on [his] criminal proceedings."[21]

Defendants' answer specifically asserts the affirmative defense of qualified immunity. "Any suit against a state official in his or her official capacity is a suit not against the official, but against the official's office; as such, the suit is no different from one against the state itself." *Green v. Louisiana Dept. of Pub. Safety and Corr.,* No. 05-371, 2005 WL 3297074, at *3 (W.D. La. Dec. 2, 2005) (citing 42 U.S.C. § 1983; *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)). Qualified immunity, under the Eleventh Amendment, bars a federal action against a state unless the state consented to the suit. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). In Defendants' answer to the initial

---

[19] Rec. Doc. 19 at 2.

[20] Id. at 2-3.

[21] Rec. Doc. 19 at 3.

complaint, Strain, as well as the other defendants to the first incident, asserted the defense of qualified immunity.[22] There has been no waiver of that defense.

"To prevail against an individual defendant, the plaintiff must plead and show that the individual defendant: (1) deprived plaintiff of rights secured by the Constitution or laws of the United States, (2) while acting under color of state law, and (3) caused injury by deprivation." *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 981 (E.D. Tex. 2005) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

At issue here is whether there was a violation of Plaintiff's right to due process because of Defendants' actions that interfered with Plaintiff's ability to defend himself in his second degree murder trial, and thus amounted to punishment. *See Gonzales v. Lopez*, No. C-08-008, 2008 WL 724247, at *3 (S.D. Tex. March 17, 2008) (*quoting Bell v. Wolfish*, 441 U.S. 520, 535 (1979)) (finding that "[p]retrial detainees held in jail are protected under the Due Process Clause of the Fourteenth Amendment, which provides that 'a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law'").

Unauthorized intentional deprivation of property by a state official does not constitute a civil rights violation as long as

---

[22] Rec. Doc. 10 at 2.

11

the state provides a meaningful post deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Plaintiff does not demonstrate that Louisiana's tort remedy for intentional or negligent misconduct is an inadequate remedy. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).  As prisoners enjoy no Fourth Amendment protection against unreasonable searches in their prison cells, *Hudson*, 468 U.S. at 526, 528-29, ordering such a shakedown is not constitutionally proscribed conduct for a prison official.  The actions forming the basis of Plaintiff's complaint, destruction of his personal property and legal materials, were allegedly perpetrated by those officers who carried out the search, and not those supervisors who ordered it.

Plaintiff also fails to allege that there was a policy implemented by Defendants which caused a constitutional violation. "[I]ntentional destruction of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists." *Simmons v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (*citing Hudson v. Palmer*, 468 U.S. 517 (1934), and *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984)).  Louisiana provides such a remedy.  *See Augustine v. Doe*, 740 F.2d 322, 327, 328 (5th Cir. 1984); *see also Brewer v. Blackwell*, 692 F.2d 387, 394 (5th Cir. 1982); *Pope v. State*, 792 So. 2d 713 (La. 2001); La. Civ. Cod art 2315 (2008).  Plaintiff's deprivation of property claim does not

allege a constitutional violation and thus does not have an arguable basis in law. Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 816, 821 (1977). A prisoner must show an actual injury to prevail on a denial of access to courts claim. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (footnote omitted).

Plaintiff has not shown that his right of access to courts had been hindered in a constitutionally significant manner. The Fourth Amendment's proscription of unreasonable seizures does not apply to penal officers who are seizing items from prisoners. *See Hudson*, 468 U.S. at 528-29 n.8. Further, Plaintiff does not assert how he was deprived of his First Amendment right of access to the courts, other than in conclusory terms. *See Morrow v. Harwell*, 768 F.2d 619, 622 (5th Cir. 1985).

There is nothing to indicate here a deprivation of access to court, including the ability to defend against pending criminal prosecution. Plaintiff's criminal defense counsel could assist in reproducing the missing materials, including legal research. Conclusory allegations of a deprivation, without more, are

unconvincing in this instance.

Accordingly,

**IT IS ORDERED** that the instant § 1983 claims are hereby **DISMISSED**.

New Orleans, Louisiana, this 8th day of October, 2008.

_____
UNITED STATES DISTRICT JUDGE